UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSAN FINGER, | Case No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| ALERISLIFE INC., DONNA D. FRAICHE, BRUCE M. GANS, BARBARA D. GILMORE, GERARD M. MARTIN, ADAM D. PORTNOY, and JENNIFER CLARK, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Susan Finger ("Plaintiff"), by and through her undersigned counsel, for her complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1.      This is a stockholder action brought by Plaintiff against AlerisLife Inc. ("AlerisLife" or the "Company") and the members of AlerisLife's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell AlerisLife to ABP Trust, whose sole

trustee and controlling shareholder is one of the Company's managing directors and Chair of the Board, Adam D. Portnoy ("Portnoy")[1] (the "Proposed Transaction").

2.    On February 2, 2023, AlerisLife entered into an Agreement and Plan of Merger with ABP Trust's wholly owned subsidiary, ABP Acquisition LLC ("ABP"), and ABP's wholly owned subsidiary, ABP Acquisition 2 LLC ("Purchaser") (the "Merger Agreement").  Under the terms of the Merger Agreement, Purchaser will acquire AlerisLife for $1.31 in cash per share of AlerisLife common stock, other than shares owned by ABP or its subsidiaries, and Purchaser or any person that owns equity interests of Purchaser, via a tender offer (the "Tender Offer"). Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on February 17, 2023.

3.    On February 17, 2023, the Board authorized the filing of the materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the SEC.  Specifically, the Recommendation Statement, which recommends that AlerisLife stockholders tender their shares in the Tender Offer, contains materially incomplete and misleading information concerning, among other things: (i) the financial analyses that support the fairness opinion provided by the special committee of the Board's ("Special Committee") financial advisor, Citigroup Global Markets Inc. ("Citi"); and (ii) the background of the Proposed Transaction.

4.    The failure to adequately disclose such material information constitutes a violation of Sections 14(d), 14(e) and 20(a) of the Exchange Act as AlerisLife stockholders need such information in order to make a fully informed decision in connection with the Tender Offer.

---

[1] Defendant Portnoy is also chair of the board of trustees and a managing trustee of Diversified Healthcare Trust ("DHC"), the Company's largest stockholder which beneficially owns approximately 31.9% of the Company's common stock.  Additionally, defendant Portnoy, directly and indirectly through ABP Trust and its subsidiaries, beneficially owns approximately 6.1% of the Company's outstanding shares.

5.      The Tender Offer is currently scheduled to expire at one minute after 11:59 p.m. Eastern Time on March 17, 2023.  It is imperative that such Exchange Act violations are promptly cured to enable Plaintiff and AlerisLife's other shareholders to make an informed decision whether to tender their shares in the Tender Offer.  Therefore, Plaintiff seeks to enjoin the expiration of the Tender Offer unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.  AlerisLife's common stock trades on the Nasdaq Capital Market, which is headquartered in this District, rendering venue in this District appropriate.

## THE PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of shares of AlerisLife common stock.

10.     Defendant AlerisLife is a Maryland corporation, with its principal executive offices located at 400 Centre Street, Newton, Massachusetts 02458.  AlerisLife's shares trade on the Nasdaq Capital Market under the ticker symbol "ALR."

11.     Defendant Donna D. Fraiche ("Fraiche") is Lead Independent Director and has been a director of the Company at all relevant times.  Defendant Fraiche is co-chair of the Special Committee.  Defendant Fraiche is also a member of the boards of directors of two other companies managed by The RMR Group LLC ("RMR")[2] with defendant Portnoy – Service Properties Trust and Office Properties Income Trust.

12.     Defendant Bruce M. Gans has been a director of the Company at all relevant times.

13.     Defendant Barbara D. Gilmore ("Gilmore") has been a director of the Company at all relevant times.  Defendant Gilmore is co-chair of the Special Committee.  Defendant Gilmore is also a member of the boards of directors of three other RMR managed companies with defendant Portnoy – TravelCenters of America Inc., Office Properties Income Trust and Seven Hills Realty Trust.

14.     Defendant Gerard M. Martin has been a director of the Company at all relevant times.

15.     Defendant Portnoy is a managing director of the Company and has been a director of the Company at all relevant times.  Defendant Portnoy is also chair of the board of trustees and a managing trustee of Diversified Healthcare Trust ("DHC"), the Company's largest stockholder

---

[2] RMR provides management services to both AlerisLife and DHC.  The RMR Group Inc. ("RMR Inc.") is the managing member of RMR.  Defendant Portnoy is the president and chief executive officer of RMR Inc and an officer and employee of RMR.

which beneficially owns approximately 31.9% of the Company's common stock.[3]  Additionally, defendant Portnoy, directly and indirectly through ABP Trust and its subsidiaries, beneficially owns approximately 6.1% of the Company's outstanding shares.

16.     Defendant Jennifer Clark ("Clark") is a managing director of the Company and has been a director of the Company at all relevant times.  Defendant Clark is also secretary of the Company, secretary of DHC and a former managing director of DHC.

17.     Defendants identified in paragraphs 11-16 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

18.     AlerisLife is a holding company with substantially all of its business conducted by its two segments: (i) residential through the Company's brand, Five Star Senior Living; and (ii) lifestyle services primarily through the Company's brands, Ageility Physical Therapy Solutions and Windsong Home Health.  Through the residential segment, as of December 31, 2021, the Company owned and operated or managed 141 senior living communities located in 28 states. The lifestyle services segment provides a comprehensive suite of lifestyle services including Ageility rehabilitation and fitness, Windsong home health and other home based, concierge services at senior living communities that the Company owns and operates or manages as well as at unaffiliated senior living communities.

**The Proposed Transaction**

---

[3]  AlerisLife manages senior living communities for DHC pursuant to the Master Management Agreement, which provides that the Company receive a management fee equal to 5% of the gross revenues realized at the applicable senior living communities plus reimbursement for the Company's direct costs and expenses related to those communities.

19.     On February 3, 2023, AlerisLife announced that it had entered into the Proposed Transaction, stating, in relevant part:

> NEWTON, Mass.--(BUSINESS WIRE)--AlerisLife Inc. (Nasdaq: ALR) today announced that it has entered into a definitive agreement with ABP Acquisition LLC, or ABP, under which ABP will acquire all of the outstanding shares of ALR common stock for $1.31 per share in cash, which represents an 85% premium to the average trading price of the last 30 trading days of $0.71 per share. The total consideration to be paid to stockholders in the transaction is approximately $43.8 million and is not subject to any financing condition. ABP is majority owned and controlled by Adam Portnoy, one of ALR's managing directors and the chair of its Board of Directors.

> ABP plans to acquire ALR through a tender offer which will be subject to, among other things, a number of shares being tendered in the tender offer that, together with the shares owned by ABP and its affiliates, represent a majority of ALR shares. ABP together with its affiliates currently own approximately 6.1% of ALR's outstanding shares of common stock. Diversified Healthcare Trust (Nasdaq: DHC), which holds approximately 31.9% of the outstanding shares of ALR common stock, has also consented to the transaction and has agreed to tender its shares in the tender offer. Promptly following completion of the tender offer, ABP will acquire all remaining shares of ALR at the same price of $1.31 per share in cash through a merger. The tender offer is expected to launch promptly, and the Board will recommend that shareholders tender their shares. The transaction is expected to be completed in the first quarter of 2023.

> The transaction was unanimously recommended by a special committee of the ALR Board of Directors comprised entirely of independent directors and approved by the ALR Board of Directors. The special committee engaged Citigroup Global Markets Inc. as its financial advisor in connection with the transaction.

**The Materially Incomplete and Misleading Recommendation Statement**

20.     On February 17, 2023, the Board caused to be filed a materially incomplete and misleading Recommendation Statement with the SEC.  The Recommendation Statement, which recommends that AlerisLife stockholders tender their shares in the Tender Offer, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (i) the financial analyses that support the fairness opinion provided by Citi; and (ii) the background of the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning Citi's Financial Analyses*

21.     The Recommendation Statement fails to disclose material information concerning Citi's financial analyses.

22.     With respect to Citi's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose a quantification of: (i) the Company's terminal year unlevered, after-tax free cash flows used to calculate the terminal values for the Company; (ii) the terminal values for the Company; and (iii) the inputs and assumptions underlying the discount rates ranging from 17.7% to 19.8%.

23.     With respect to Citi's *Selected Precedent Transactions Analysis*, the Recommendation Statement fails to disclose the individual multiples and financial metrics for each of the transactions analyzed.

24.     With respect to Citi's analysis of selected public companies, the Recommendation Statement fails to disclose the individual multiples and financial metrics for each of the companies analyzed.

25.     With respect to Citi's analysis of premiums paid, the Recommendation Statement fails to disclose: (i) the identities of the transactions observed; and (ii) the individual premiums observed for each transaction.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

26.     The Recommendation Statement fails to disclose material information concerning the background of the Proposed Transaction.

27.     Specifically, the Recommendation Statement fails to disclose whether the Company executed confidentiality agreements with "Party A" or "Party B," and if so, whether

they contain a "don't-ask, don't-waive" standstill provision that is presently precluding either party from submitting a topping bid for the Company.

28.     Additionally, the Recommendation Statement fails to disclose a summary of the powers provided to the Special Committee under its mandate or charter, including whether the Special Committee was provided full negotiating power, including the power to reject the Proposed Transaction, and whether the Special Committee had the authority to conduct a market check to ensure the Proposed Transaction was in the best interest of the Company's public shareholders.

29.     Moreover, the Recommendation Statement fails to disclose whether the Special Committee considered engaging an independent financial advisor instead of Citi, which had previously been engaged by the Company in connection with its financial restructuring and lease agreement amendments with DHC.

30.     In sum, the omission of the above-referenced information renders statements in the "Opinion of Financial Advisor to the Special Committee" and "Background of the Offer and the Merger" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act.  Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of AlerisLife will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder**

31.     Plaintiff repeats all previous allegations as if set forth in full.

32.     Defendants have caused the Recommendation Statement to be issued with the intention of soliciting AlerisLife stockholders to tender their shares in the Tender Offer.

33.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

34.     Section 14(d)(4) of the Exchange Act states:

Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

35.     SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

36.     Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

37.     The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

38.     Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading.  Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation

Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

39.     The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of AlerisLife, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.  Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

40.     Plaintiff repeats all previous allegations as if set forth in full.

41.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

42.     Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement to AlerisLife stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading.  Specifically, the Recommendation Statement misrepresented and/or omitted material facts concerning Citi's financial analyses and the background of the Proposed Transaction.

43.     Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender her shares pursuant to the Tender Offer.

44.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender her shares.

## COUNT III

### Claims Against the Individual Defendants for Violations
### of Section 20(a) of the Exchange Act

45.     Plaintiff repeats all previous allegations as if set forth in full.

46.     The Individual Defendants acted as controlling persons of AlerisLife within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of AlerisLife, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

47.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Recommendation Statement.

49.    In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Recommendation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

50.    By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.   As a direct and proximate result of defendants' conduct, AlerisLife stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of AlerisLife, and against defendants, as follows:

A.    Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction,

including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Recommendation Statement;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.


Dated:  March 1, 2023                              **ACOCELLI LAW, PLLC**


By  */s/ Richard A. Acocelli*
Richard A. Acocelli
33 Flying Point Road, Suite 131
Southampton, NY 11968
Tel: (631) 204-6187
Email: racocelli@acocellilaw.com

*Attorneys for Plaintiff*